Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAM WAI MAU, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUFAX HOLDING LTD, YONG SUK CHO, and DAVID SIU KAM CHOY,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br><u>CLASS ACTION</u><br><br>JURY TRIAL DEMANDED |

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

Plaintiff Kam Wai Mau ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, among other things, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, public filings, wire and press releases published by and regarding  Lufax Holding Ltd ("Lufax" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery. [1]

## **NATURE OF THE ACTION**

1.      This is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Lufax securities between April 7, 2023 and January 26, 2025, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## **JURISDICTION AND VENUE**

[1] Unless otherwise stated, all emphasis is added and internal citations are omitted.

1

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

2.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged misstatements entered and the subsequent damages took place in this judicial district.

5.     In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants (defined below), directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## **PARTIES**

6.     Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Lufax securities during the Class Period and was economically damaged thereby.

2

7.     Lufax describes itself as a "leading financial services enabler for small business owners in China."

8.     The Company is incorporated in the Cayman Islands. The Company's principal executive offices are located at 18th Floor, No. 1333 Lujiazui Ring Road, Pudong New District, Shanghai, People's Republic of China. Lufax does not have offices in the United States. Information about Lufax was transmitted over the internet to residents of this judicial district. Further, this judicial district is a convenient forum given the relative ease of flying to China from LAX airport, or vice versa, as compared to other parts of the United States.

9.     Lufax American Depositary Shares ("ADS") trade on the New York Stock Market (the "NYSE") under the ticker symbol "LU."

10.     Defendant Yong Suk Cho ("Cho") served as the Company's Chief Executive Officer ("CEO") at all relevant times.

11.     Defendant David Siu Kam Choy ("Choy") served as the Company's Chief Financial Officer ("CFO") until April 2024.

12.     Defendants Cho and Choy are collectively referred to herein as the "Individual Defendants."

13.     Each of the Individual Defendants:

(a)     directly participated in the management of the Company;

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

(b)     was directly involved in the day-to-day operations of the Company at the highest levels;

(c)     was privy to confidential proprietary information concerning the Company and its business and operations;

(d)     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

14.     The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

15.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Lufax under *respondeat superior* and agency principles.

4

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

16. Defendant Lufax and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

**Materially False and Misleading Statements Issued During the Class Period**

17. On April 7, 2023, before the market opened, the Company filed with the SEC its Annual Report on Form 20-F for the year ended December 31, 2022 (the "2022 Annual Report"). Attached to the 2022 Annual Report were signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") signed by Defendants Cho and Choy attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

18. The 2022 Annual Report contained the following statement about the Company's internal controls:

Our management with the participation of our chief executive officer and chief financial officer has performed an evaluation of the effectiveness of our disclosure controls and procedures (as defined in Rule 13a-15(e) under the Exchange Act) as of the end of the period covered by this report, as required by Rule 13a-15(b) under the Exchange Act.

Based on that evaluation, our management has concluded that, as of December 31, 2022, ***our disclosure controls and procedures were effective***

5

*in ensuring that the information required to be disclosed by us in the reports that we file and furnish under the Exchange Act was recorded, processed, summarized and reported*, within the time periods specified in the SEC's rules and forms, and that the information required to be disclosed by us in the reports that we file or submit under the Exchange Act is accumulated and communicated to our management, including our chief executive officer and chief financial officer, to allow timely decisions regarding required disclosure.

19.     The 2022 Annual Report contained the following annual management report on internal control over financial reporting:

Our management is responsible for establishing and maintaining adequate internal control over financial reporting as defined in Rules 13a-15(f) and 15d-15(f) under the Exchange Act. As required by Rule 13a-15(c) of the Exchange Act, our management conducted an evaluation of our company's internal control over financial reporting as of December 31, 2022 based on the framework in Internal Control—Integrated Framework (2013) issued by the Committee of Sponsoring Organizations of the Treadway Commission. *Based on this evaluation, our management concluded that our internal control over financial reporting was effective as of December 31, 2022.*

6

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

Because of its inherent limitations, internal control over financial reporting may not prevent or detect misstatements. Also, projections of any evaluation of effectiveness of our internal control over financial reporting to future periods are subject to the risks that controls may become inadequate because of changes in conditions, or that the degree of compliance with the policies or procedures may deteriorate.

20.     The statements in ¶¶ 18-19 were materially false at the time they were made because, in reality, Lufax had deficient internal controls at the time the 2022 Annual Report was filed with the SEC.

21.     The 2022 Annual Report showed the following financial information, including Lufax's purported net profit for 2022:

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

*Selected Condensed Consolidating Statements of Operations Information*

| | | For the Year Ended December 31, 2022 | | | | |
|---|---|---|---|---|---|---|
| | Lufax Holding Ltd | Subsidiaries That Are Not Primary Beneficiaries of Consolidated Affiliated Entities | Primary Beneficiaries of Consolidated Affiliated Entities | Consolidated Affiliated Entities and Consolidated Affiliated Entities' Subsidiaries | Elimination | Consolidated |
| | | | (RMB in thousands) | | | |
| Technology platform-based income | — | 27,456,609 | 1,256,039 | 505,784 | — | 29,218,432 |
| Net interest income | — | 18,981,376 | — | — | — | 18,981,376 |
| Guarantee income | — | 7,372,509 | — | — | — | 7,372,509 |
| Other income | — | 1,180,841 | 56,403 | 760 | — | 1,238,004 |
| Investment income | 4,667 | 860,985 | 136,350 | 303,623 | — | 1,305,625 |
| Share of net profit/(loss) of investments accounted for using the equity method | — | — | (218) | — | — | (218) |
| Inter-company revenues[1][3] | 34,028 | (70,828) | 2,656,042 | 156,029 | (2,775,271) | — |
| Income/(loss) from subsidiaries[2] | 10,683,088 | 163,230 | — | — | (10,846,318) | — |
| Loss of the consolidated affiliated entities | — | — | (351,180) | — | 351,180 | — |
| **Total income** | **10,721,783** | **55,944,722** | **3,753,436** | **966,196** | **(13,270,409)** | **58,115,728** |
| Operating expenses | (113,983) | (23,207,619) | (3,419,557) | (148,192) | — | (26,889,351) |
| Credit impairment losses | 6,525 | (16,183,163) | (44,963) | (328,864) | — | (16,550,465) |
| Asset impairment losses | | (7,101) | — | (420,007) | — | (427,108) |
| Finance costs | (1,753,486) | 546,691 | (73,922) | 41,725 | — | (1,238,992) |
| Other gains/(losses) – net | (161,917) | 36,186 | (34,050) | 163,240 | — | 3,459 |
| Inter-company expenses[1][3] | 447 | (2,132,463) | (66,242) | (540,809) | 2,739,067 | — |
| **Total expenses** | **(2,022,414)** | **(40,947,469)** | **(3,638,734)** | **(1,232,907)** | **2,739,067** | **(45,102,457)** |
| **Profit before income tax** | **8,699,369** | **14,997,253** | **114,702** | **(266,711)** | **(10,531,342)** | **13,013,271** |
| Less: Income tax expenses | — | (4,160,102) | 48,839 | (126,969) | — | (4,238,232) |
| **Net profit for the year** | **8,699,369** | **10,837,151** | **163,541** | **(393,680)** | **(10,531,342)** | **8,775,039** |
| Net profit/(loss) attributable to: Owners of Lufax Holding Ltd | 8,699,369 | 10,683,088 | 163,541 | (393,798) | (10,452,831) | 8,699,369 |
| Non-controlling interests | — | 154,063 | — | 118 | (78,511) | 75,670 |
| | 8,699,369 | 10,837,151 | 163,541 | (393,680) | (10,531,342) | 8,775,039 |

22.     The statement in ¶ 21 was materially false and misleading when made because Lufax materially overstated its net profit for 2022.

23.     On April 23, 2024, and the Company filed with the SEC its Annual Report on Form 20-F for the year ended December 31, 2023 (the "2023 Annual Report"). Attached to the 2023 Annual Report were signed certifications pursuant SOX signed by Defendants Cho and Choy attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

24.     The 2023 Annual Report contained the following statement about the Company's internal controls:

8

Our management with the participation of our chief executive officer and chief financial officer has performed an evaluation of the effectiveness of our disclosure controls and procedures (as defined in Rule 13a-15(e) under the Exchange Act) as of the end of the period covered by this report, as required by Rule 13a-15(b) under the Exchange Act.

Based on that evaluation, our management has concluded that, as of December 31, 2023, *our disclosure controls and procedures were effective in ensuring that the information required to be disclosed by us in the reports that we file and furnish under the Exchange Act was recorded*, processed, summarized and reported, within the time periods specified in the SEC's rules and forms, and that the information required to be disclosed by us in the reports that we file or submit under the Exchange Act is accumulated and communicated to our management, including our chief executive officer and chief financial officer, to allow timely decisions regarding required disclosure.

25.    The 2023 Annual Report contained the following annual management report on internal control over financial reporting:

Our management is responsible for establishing and maintaining adequate internal control over financial reporting as defined in Rules 13a-15(f) and 15d-15(f) under the Exchange Act. As required by Rule 13a-

9

15(c) of the Exchange Act, our management conducted an evaluation of our company's internal control over financial reporting as of December 31, 2023 based on the framework in Internal Control—Integrated Framework (2013) issued by the Committee of Sponsoring Organizations of the Treadway Commission. ***Based on this evaluation, our management concluded that our internal control over financial reporting was effective as of December 31, 2023.***

Because of its inherent limitations, internal control over financial reporting may not prevent or detect misstatements. Also, projections of any evaluation of effectiveness of our internal control over financial reporting to future periods are subject to the risks that controls may become inadequate because of changes in conditions, or that the degree of compliance with the policies or procedures may deteriorate.

26.     The statements in ¶¶ 24-25 were materially false at the time they were made because, in reality, Lufax had deficient internal controls at the time the 2023 Annual Report was filed with the SEC.

27.     The 2023 Annual Report showed the following financial information, including Lufax's purported net profit for 2023:

10

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

*Selected Condensed Consolidating Statements of Operations Information*

| | Lufax Holding Ltd | Subsidiaries That Are Not Primary Beneficiaries of Consolidated Affiliated Entities | Primary Beneficiaries of Consolidated Affiliated Entities | Consolidated Affiliated Entities and Consolidated Affiliated Entities' Subsidiaries | Elimination | Consolidated |
|---|---|---|---|---|---|---|
| | | | | (RMB in thousands) | | |
| Technology platform-based income | — | 14,712,670 | 491,117 | 122,039 | — | 15,325,826 |
| Net interest income | — | 12,348,357 | — | — | — | 12,348,357 |
| Guarantee income | — | 4,392,376 | — | — | — | 4,392,376 |
| Other income | — | 1,142,033 | — | 1,737 | — | 1,143,770 |
| Investment income | 8,105 | 1,056,014 | 36,155 | (49,821) | — | 1,050,453 |
| Share of net profit/(loss) of investments accounted for using the equity method | — | — | (5,416) | — | — | (5,416) |
| Inter-company revenues from transactions[1][3] | — | (26,829) | 2,099,755 | 90,513 | (2,163,439) | — |
| Income/(loss) from subsidiaries and the consolidated affiliated entities[2] | 2,042,751 | 560,773 | 117,913 | — | (2,721,437) | — |
| **Total income** | **2,050,856** | **34,185,394** | **2,739,524** | **164,468** | **(4,884,876)** | **34,255,366** |
| Operating expenses | (155,610) | (17,485,891) | (2,008,507) | (28,005) | — | (19,678,013) |
| Credit impairment losses | (7) | (12,758,713) | 26,351 | 35,061 | — | (12,697,308) |
| Asset impairment losses | — | — | (31,246) | — | — | (31,246) |
| Finance costs | (996,833) | 584,708 | (5,558) | 3,660 | — | (414,023) |
| Other gains/(losses) – net | (5,638) | 342,380 | (129,724) | 3,318 | — | 210,336 |
| Inter-company expenses from transactions[1][3] | (5,903) | (1,822,148) | (61,255) | (311,248) | 2,200,554 | — |
| **Total expenses** | **(1,163,991)** | **(31,139,664)** | **(2,209,939)** | **(297,214)** | **2,200,554** | **(32,610,254)** |
| **Profit/(loss) before income tax** | **886,865** | **3,045,730** | **529,585** | **(132,746)** | **(2,684,322)** | **1,645,112** |
| Less: Income tax expenses | — | (649,448) | 28,981 | 9,841 | — | (610,626) |
| **Net profit/(loss) for the year** | **886,865** | **2,396,282** | **558,566** | **(122,905)** | **(2,684,322)** | **1,034,486** |
| Net profit/(loss) attributable to: Owners of Lufax Holding Ltd | 886,865 | 2,042,751 | 558,566 | (122,905) | (2,478,412) | 886,865 |
| Non-controlling interests | — | 353,531 | — | — | (205,910) | 147,621 |
| | 886,865 | 2,396,282 | 558,566 | (122,905) | (2,684,322) | 1,034,486 |

28.     The statement in ¶ 27 was materially false and misleading when made because Lufax materially overstated its net profit for 2023.

29.     The statements contained in ¶¶ 18, 19, 21, 24-25, 27 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Lufax lacked adequate internal controls; (2) Certain of Lufax's financial results were materially misstated; and (3) as a result, Defendants' statements about Lufax's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

11

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

# THE TRUTH BEGINS TO EMERGE

30.    On January 27, 2025, before the market opened, Lufax filed with the SEC a current report on Form 6-K. Attached to the current report as an exhibit was an announcement that stated that Lufax was proposing to remove its auditor. The release revealed that Lufax fired PricewaterhouseCoopers ("PwC") because PwC had significant concerns about Lufax's financial disclosures and, in particular, the 2022 and 2023 Annual Reports. PwC's concerns were such that its audit opinions for the 2022 and 2023 Annual Reports were no longer to be relied upon. The current report stated the following, in pertinent part:

On January 21, 2025, the Audit Committee received a letter of the same date from PwC (the "[PwC Letter]"). In the letter, PwC stated that it was orally notified of its removal as the Company's auditor on January 16, 2025. In the same letter, PwC also stated, among other matters, that (1) on October 25, 2024, it received information in the course of an oral conversation (the "[Subject Conversation]") with a then-current senior executive (the "[Executive]") of the Company that raised concerns, in the view of PwC, about certain possible related party transactions of the Company (the "[Subject Transactions]"); (2) on November 25, 2024, PwC orally reported the Subject Conversation to the Audit Committee; (3) *on December 11,*

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

*2024, PwC issued a written letter to the Audit Committee requesting an expert and independent investigation into the matter*; and

(4)   whilst PwC noted that the Audit Committee engaged forensic accountants and independent investigation counsel to investigate the Subject Transactions and other related matters (the "[Independent Investigation]"), and that the Executive, in the interview with the team conducting the Independent Investigation, denied the contents of the Subject Conversation as reported by PwC to the Audit Committee, PwC raised questions about the investigation, the independence of the Audit Committee, and the Company's remedial actions.

On January 21, 2025, the Audit Committee also received a letter of the same date from PwC ZT (the "[PwC ZT Letter]"), the Company's U.S. PCAOB-registered auditor. In the letter, PwC ZT states that, due to the seriousness of the Subject Conversation as understood by PwC ZT, t*he Audit Committee's decision not to share its Independent Investigation conclusions with PwC ZT, and certain independence concerns, it cannot consent to the incorporation of its prior audit or review opinions in any current or future Company filings and further states that neither the Company nor any successor auditor can rely on any work that PwC ZT performed for the Company with regard to 2024, and, as PwC ZT was no longer able to rely*

13

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

***on representations provided by the Company*** and its management in connection with the Company's fiscal year 2022 and 2023 audits, ***its 2022 and 2023 audit opinions on the Company's annual financial statements should no longer be relied upon.***

31.    The current report acknowledged that there may be a "possible delay" in the reporting of the 2024 annual reports.

32.    Because of this disclosure, the investing public was put on notice that the financial disclosures contained in the 2022 and 2023 Annual Reports could no longer be relied upon.

33.    On this news, Lufax ADSs fell $0.40 per ADS, or 13.8%, to close at $2.49 per ADS on January 27, 2025. The following day, Lufax ADSs fell a further $0.17 per ADS, or 6.82%, to close at $2.32 per ADS on January 28, 2025. Finally, on January 29, 2025, Lufax ADSs fell a further $0.06 per ADS, or 2.58%, to close at $2.26 per ADS.

34.    Subsequent to the Class Period, on February 17, 2026, Lufax finally filed with the SEC its Annual Report on Form 20-F for the year ended December 31, 2024 (the "2024 Annual Report").

35.    The 2024 Annual Report disclosed, in pertinent part, the following, confirming that the financial results in the 2022 and 2023 Annual Reports could not be relied on:

14

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

As previously disclosed [. . .], our audit committee engaged a leading international law firm and forensic accounting experts from an international consulting firm that is not our auditor (the "Investigation Team"), to conduct an independent investigation into certain transactions ("Subject Transactions"). To ascertain whether there were additional transactions of a similar nature as the Subject Transactions, the Investigation Team, under the instruction of the Audit Committee, conducted a supplemental investigation (the "Supplemental Investigation*"). Our independent auditors also conducted a re-audit of our financial results for the years ended December 31, 2022 and 2023*. For more details, see "Item 4.A. History and Development of the Company—Recent Developments" and "Item 16F."

*In connection with the matters that were subject to the Independent Investigation and the Supplemental Investigation, our independent auditors found that certain line items were inaccurately recorded in the consolidated financial statements that we had previously issued*. For example, the total amount of overstated total income for the year ended December 31, 2022 as previously reported on our Form 20-F filed with the SEC on April 7, 2023 was RMB493.8 million, and the total amount of understated total income for the year ended December 31, 2023 as previously filed with the SEC on April 23, 2024 was RMB33.3 million,

15

representing approximately 0.8% and 0.1% of the total income previously reported by us for such years, respectively, and the adjustment to total expenses was approximately RMB473.5 million and RMB90.0 million for the years ended December 31, 2022 and 2023, respectively, resulting in a decrease in net profit of RMB917.0 million and RMB81.4 million for the years ended December 31, 2022 and 2023.

36.    The 2024 Annual Report provided the following restated net profit figures for 2022 and 2023, showing material net profit declines from the originally reported 2022 and 2023 figures:

Condensed Statements of Comprehensive Income

| | For the year ended December 31, | | |
|---|---|---|---|
| | 2022 RMB'000 (Restated) | 2023 RMB'000 (Restated) | 2024 RMB'000 |
| Investment income | 38,695 | 8,105 | 2,320 |
| Income/(loss) from subsidiaries and VIEs | 9,761,055 | 1,965,510 | (2,903,090) |
| **Total income** | **9,799,750** | **1,973,615** | **(2,900,770)** |
| General and administrative expenses | (113,983) | (155,610) | (147,294) |
| Credit impairment gains/(losses) | 6,972 | 440 | (743) |
| Finance costs | (1,753,486) | (1,003,183) | (647,878) |
| Other losses - net | (161,917) | (5,638) | (172,472) |
| **Total expenses** | **(2,022,414)** | **(1,163,991)** | **(968,387)** |
| **Income/(loss) before income tax expenses** | **7,777,336** | **809,624** | **(3,869,157)** |
| Less: Income tax expenses | — | — | (1,463) |
| **Net profit/(loss) for the year** | **7,777,336** | **809,624** | **(3,870,620)** |
| Net profit/(loss) attributable to: | | | |
| Owners of the Company | 7,777,336 | 809,624 | (3,870,620) |
| **Other comprehensive loss, net of tax:** | | | |
| -Exchange differences on translation of foreign operations | (1,581,252) | (465,590) | (119,656) |
| **Total comprehensive income/(loss) for the year** | **6,196,084** | **344,034** | **(3,990,276)** |
| Total comprehensive income/(loss) attributable to: | | | |
| Owners of the Company | 6,196,084 | 344,034 | (3,990,276) |

37.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's ADSs, Plaintiff and other Class members have suffered significant losses and damages.

16

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

38.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired the Company's securities publicly traded on NYSE during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

39.    The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, the Company's securities were actively traded on NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

40.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

41.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class

17

and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

42.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Exchange Act was violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business and financial condition of the Company;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Defendants caused the Company to issue false and misleading filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false filings;

18

- whether the prices of the Company securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

44. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- the Company's shares met the requirements for listing, and were listed and actively traded on NYSE, an efficient market;

- as a public issuer, the Company filed periodic public reports;

- the Company regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and

19

through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

- the Company's securities were liquid and traded with moderate to heavy volume during the Class Period; and

- the Company was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

45. Based on the foregoing, the market for the Company's securities promptly digested current information regarding the Company from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

46. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

## COUNT I

**For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder Against All Defendants**

20

47.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

48.    This Count is asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

49.    During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

50.    Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

• employed devices, schemes and artifices to defraud;

• made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

• engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of the Company's securities during the Class Period.

21

51. Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

52. Individual Defendants, who are the senior officers of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or any other of the Company's personnel to members of the investing public, including Plaintiff and the Class.

53. As a result of the foregoing, the market price of the Company's securities was artificially inflated during the Class Period. In ignorance of the

22

CLASS ACTION COMPLAINT FOR VIOLATIONS OF<br/>THE FEDERAL SECURITIES LAWS

falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of the Company's securities during the Class Period in purchasing the Company's securities at prices that were artificially inflated as a result of Defendants' false and misleading statements.

54.    Had Plaintiff and the other members of the Class been aware that the market price of the Company's securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased the Company's securities at the artificially inflated prices that they did, or at all.

55.    As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

56.    By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of the Company's securities during the Class Period.

**COUNT II**

**Violations of Section 20(a) of the Exchange Act**

**Against the Individual Defendants**

23

57. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

58. During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information about the Company's false financial statements.

59. As officers of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's' financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

60. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period concerning the Company's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of the Company's securities.

61.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

(a)    declaring this action to be a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating Plaintiff's counsel as Lead Counsel;

(b)    awarding damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, together with interest thereon;

(c)    awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)    awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

Dated: March 21, 2026

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence M. Rosen
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

26

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS