UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/22/2026____

| |
|---|
| KAM WAI MAU, *individually and on behalf of all others similarly situated* |
| Plaintiff, |
| -against- |
| LUFAX HOLDING LTD., YONG SUK CHO, and DAVID SIU KAM CHOY, |
| Defendants. |

26-CV-04122 (MMG)

**<u>ORDER REGARDING LEAD PLAINTIFF / LEAD COUNSEL MOTIONS</u>**

MARGARET M. GARNETT, United States District Judge:

On March 21, 2026, Plaintiff filed a putative class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Lufax securities between April 7, 2023, and January 26, 2025, both dates inclusive. Dkt. No. 1. ("Compl."), ¶ 1. The action was transferred to the Southern District of New York from the Central District of California on May 18, 2026. Dkt. No. 15. The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

Section 78u-4(a)(3)(A) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), requires that within twenty days of the filing of the complaint, Plaintiff shall "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA also provides that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* In addition, the Act requires that not later than 90 days after

the date on which notice is published, the Court shall consider any motion made by a purported

class member in response to the notice, and shall appoint as lead plaintiff the member or

members of the purported plaintiff class that the Court determines to be most capable of

adequately representing the interests of class members. *See id.* § 78u-4(a)(3)(B)(i). In the event

that more than one action on behalf of a class asserting substantially the same claim or claims

has been filed, and any party has sought to consolidate those actions for pretrial purposes or for

trial, the Court shall not appoint a lead plaintiff until after a decision on the motion to consolidate

is rendered. *See id.* § 78u-4(a)(3)(B)(ii).

Plaintiff's counsel notified the district court in the Central District of California that the

required notice was published on March 21, 2026. Dkt. No. 12. Members of the purported class

therefore had until May 20, 2026, to move the Court to serve as lead plaintiffs. Having received

two such motions, *see, e.g.*, Dkt. Nos. 17, 23, it is hereby ORDERED that oppositions to any

motion for appointment of lead plaintiff shall be served and filed by **June 3, 2026.**

If an amended complaint or a related case is filed prior to appointment of a lead plaintiff,

Plaintiff's counsel shall, **within one week**, submit a letter to the Court identifying any

differences between the allegations in the new complaint(s) and the allegations in the original

complaint (including but not limited to any differences in the claims asserted and the relevant

class periods) and showing cause why the Court should not order republication of notice under

the PSLRA and set a new deadline for the filing of motions for appointment. *See, e.g., Hachem*

*v. Gen. Elec. Inc.*, No. 17-CV-8457 (JMF), 2018 WL 1779345 (S.D.N.Y. Apr. 11, 2018).

It is further ORDERED that the named plaintiffs shall promptly serve a copy of this Order on each of the defendants.

Dated: May 22, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3