USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __6/18/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAM WAI MAU, et al.,

                              Plaintiffs,

        -against-

LUFAX HOLDING LTD., et al.,

                              Defendants.

26-CV-04122 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This is a putative class action under the federal securities laws on behalf of purchasers of Lufax Holding Ltd. ("Lufax") securities between April 7, 2023 and January 26, 2025. Plaintiffs allege that Defendants concealed adverse information about Lufax's business and that the eventual disclosure of this information precipitated a decline in the value of Lufax's securities, harming shareholders. Pending before the Court are motions for appointment of Lead Plaintiff and Lead Counsel.

## BACKGROUND

Defendant Lufax provides financial services to small businesses in China. Dkt. No. 1 ¶ 7. Defendant Yong Suk Cho ("Cho") served as Lufax's Chief Executive Officer ("CEO") at all times relevant to this action. *Id.* ¶ 10. Defendant David Siu Kam Choy ("Choy") served as Lufax's Chief Financial Officer ("CFO") until April 2024. *Id.* ¶ 11.

Lufax American Depositary Shares ("ADS") trade on the New York Stock Exchange (the "NYSE") under the ticker symbol "LU." *Id.* ¶ 9. On April 7, 2023, Lufax filed its Annual Report on Form 20-F with the SEC for 2022 (the "2022 Annual Report"). *Id.* ¶ 17. On April 23, 2024, Lufax filed its 2023 Annual Report with the SEC (the "2023 Annual Report"). *Id.* ¶ 23. Attached to both the 2022 and 2023 Annual Reports were certifications signed by Defendants

Cho and Choy attesting to the accuracy of financial reporting, the disclosure of material changes to Lufax's internal controls over financial reporting, and the disclosure of all fraud. *Id.* ¶¶ 17, 23.

On January 27, 2025, Lufax filed a Form 6-K with the SEC, disclosing that Lufax fired its auditor, PricewaterhouseCoopers ("PwC"), because PwC had concerns about the accuracy of the 2022 and 2023 Annual Reports. *Id.* ¶ 30. Following the filing of the Form 6-K, between January 27 and 29, 2025, the value of Lufax ADSs fell $0.63 per ADS to close at $2.26. *Id.* ¶ 33. On February 17, 2026, Lufax filed its 2024 Annual Report with the SEC for 2024 (the "2024 Annual Report"). *Id.* ¶ 34. Plaintiff alleges the 2024 Annual Report "confirm[ed] that the financial results in the 2022 and 2023 Annual Reports could not be relied on." *Id.* ¶ 35.

On March 21, 2026, Plaintiff Kam Wai Mau filed a complaint in the Central District of California, Dkt. No. 1, and published a notice of this action on *Business Wire*, Dkt. No. 21-1. The complaint purports to bring a "class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Lufax securities between April 7, 2023 and January 26, 2025, both dates inclusive." *Id.* ¶ 1. It alleges all Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, and that Defendants Cho and Choy violated Section 20(a) of the Exchange Act. Dkt. No. 1 ¶¶ 48, 61.

On May 14, 2026, the parties filed a joint stipulation asking the court in the Central District of California to transfer the action to the Southern District of New York. Dkt. No. 12. The case was transferred and assigned to the undersigned on May 18, 2026. *See* Dkt. No. 15.

On May 20, 2026, Yanqin Zhou ("Zhou"), John M. Mollica ("Mollica"), and Bernard Nenda Tchinda ("Tchinda") separately moved for appointment as lead plaintiff. Dkt. Nos. 17,

2

19, 23.  On June 3, 2026, Mollica filed a notice of withdrawal of his motion to serve as lead plaintiff.  Dkt. No. 29.  On that same date, Zhou and Tchinda filed a joint stipulation seeking appointment as co-lead plaintiffs.  Dkt. No. 30.

**DISCUSSION**

**I.      APPOINTMENT OF LEAD PLAINTIFF**

Under the Private Securities Litigation Reform Act ("PSLRA"), the Court must consider a motion to appoint a party as lead plaintiff no later than 90 days after the date of publication of the class action notice or as soon as practicable after ruling on a motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) and (iii).  The lead plaintiff will be "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  There is a rebuttable presumption that the most adequate plaintiff (1) "is the person or group of persons that has either filed the complaint or made a motion in response to a notice"; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (3) who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

Zhou and Tchinda have jointly moved for appointment as co-lead plaintiffs.  Courts in this district have endorsed stipulations among competing lead plaintiff movants as promoting the statutory purposes of the PSLRA.  *See, e.g., In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015).  Furthermore, the plain language of the PSLRA expressly contemplates the potential appointment of more than one lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  On the particular facts of this case, the Court finds the class's interest will be best served by having Zhou and Tchinda serve as co-lead plaintiffs.

### A. Notice

Zhou and Tchinda both satisfy the first requirement for appointment as lead plaintiff as they both timely moved for lead plaintiff status. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 293 (S.D.N.Y. 2010)..[1]

### B. Financial Interest

Next, Zhou and Tchinda have the largest financial interest in the relief sought. While neither the PSLRA, the Supreme Court, nor the Second Circuit has specified a method to calculate which plaintiff holds the largest financial interest, "[c]ourts in this circuit have traditionally examined four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchases during the class period . . .; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *In re Veeco Instruments Inc. Sec. Litig.*, 233 F.R.D. 330, 332 (S.D.N.Y. 2005). It is well settled that financial loss, the last factor, is the most important. *Bo Young Cha v. Kinross Gold Corp.*, No. 12-CV-01203 (PAE), 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) (collecting cases); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[I]n determining the largest financial interest, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."). Courts generally use the last-in, first-out method for calculating losses.

Zhou alleges a total loss of $61,790.05 during the Class Period. Dkt. Nos. 22, 22-3. Tchinda alleges a total loss of $10,408.00 during the Class Period. Dkt. Nos. 25, 26-1. Although Zhou's loss far exceeds Tchinda's, both movants allege substantial financial losses for an

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

4

individual shareholder, and therefore both are well-motivated to vigorously pursue relief in this action.

### C. Rule 23 Requirements

Finally, both movants satisfy Rule 23's requirements of typicality and adequacy. The PSLRA provides that the lead plaintiff must satisfy Rule 23's requirements for class certification: numerosity, commonality, typicality, and adequacy. But "in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.* ("*Pirelli*"), 229 F.R.D. 395, 412 (S.D.N.Y. 2004).

Typicality is satisfied if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010). Adequacy is satisfied, meanwhile, if a movant "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006); *see also Pirelli*, 229 F.R.D. at 412–13 (explaining that adequacy means "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation").

Here, Zhou and Tchinda's claims arise from the same course of events as all putative class members in connection with the purchase of Lufax's securities during the Class Period, and their claims are typical of the claims of the class as a whole. Accordingly, Zhou and Tchinda satisfy the typicality requirement. Next, there is no evidence of a conflict between either movant

5

and the interests of the class. Nor is there evidence of collusion. Additionally, both Zhou and Tchinda have counsel who are qualified, experienced, and capable of conducting the proposed litigation. Therefore, Zhou and Tchinda satisfy typicality and adequacy under Rule 23.

Because they are proper movants, have the largest financial interest, and meet the requirements of Rule 23, Zhou and Tchinda are hereby APPOINTED as co-lead plaintiffs in this lawsuit.

## II. APPOINTMENT OF LEAD COUNSEL

Turning to approval of lead counsel, the PSLRA provides for lead plaintiffs to select and retain counsel to represent the class, subject to the Court's approval. *See Pirelli*, 229 F.R.D. at 420; 15 U.S.C. § 78u-4(a)(3)(B)(v). Co-Lead Plaintiff Zhou has selected The Rosen Law Firm, P.A. ("Rosen Law"). Dkt. No. 30. Co-Lead Plaintiff Tchinda has selected Pomerantz, LLP ("Pomerantz"). *Id.* Both Co-Lead Plaintiffs request the Court approve of their selection of counsel. *Id.* In support of that request, lawyers from both firms have submitted firm resumes attesting to their respective firms' experience as class counsel. *See* Dkt. Nos. 22-4; 26-5. The stipulation that co-lead Plaintiffs filed also references numerous securities class actions under the PSLRA that Rosen Law and Pomerantz "successfully prosecuted . . . as Co-Lead Counsel." Dkt. No. 30 at 4–5. On review of these documents, the Court finds that Rosen Law and Pomerantz are well-qualified to serve as Co-Lead Counsel and Co-Plaintiffs' selection of them as Co-Lead Counsel is hereby APPROVED. This joint appointment "is done with the understanding that there shall be no duplication of attorney's services," and that counsel "will work together to maximize recovery of the proposed class." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998).

6

## CONCLUSION

Yanqin Zhou and Bernard Nenda Tchinda are appointed as Co-Lead Plaintiffs and Rosen Law and Pomerantz are appointed as Co-Lead Counsel. The motion of John M. Mollica to serve as lead plaintiff (Dkt. No. 19) is DENIED. It is further ORDERED that this matter shall proceed under the name *In re: Lufax Holding Ltd. Securities Litigation*. It is further ORDERED that, on or before **June 30, 2026**, the parties shall file a joint letter proposing a schedule for Co-Lead Plaintiffs to file an operative complaint and Defendants to answer, move against, or otherwise respond to the operative complaint. If Defendants intend to move to dismiss, the letter should also include a proposed briefing schedule on that motion. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 17, 19, and 23.

Dated: June 18, 2026
    New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge